JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KATHERINE B. DOWLING (CABN 220767)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: Katherine.Dowling@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA PRATCHARD,<br><br>    Defendant. | No. CR 08-0553 MMC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: October 21, 2009<br>Time: 2:30 p.m.<br>Judge: The Hon. Maxine M. Chesney |

GOV'T SENTENCING MEMORANDUM.
CR 08-0553 MMC

## I.   INTRODUCTION

On July 8, 2009, defendant Joshua Pratchard pleaded guilty, without a plea agreement, to a one count indictment charging him with assault resulting in serious bodily injury in violation of 18 U.S.C § 113(a)(6).

The parties and the Probation Office are in agreement that the defendant's guidelines range is 27-33.[1] The government and the Probation Office are in agreement that a sentence of 33 months in custody, the high end of the guidelines range, is appropriate in this case. The government and the Probation Office are also in agreement that none of the factors under § 3553(a) warrant a sentence outside of the guidelines range.

This defendant pleaded guilty to assault resulting in serious bodily injury. The victim of this crime is still living with the pain and suffering caused by the injuries he sustained. Despite a video that clearly shows Mr. Pratchard stomping repeatedly on the victim's head while he lay on the ground motionless, the defendant has barely accepted responsibility for his actions. In addition, this defendant has a prior felony for drug distribution.

For these reasons the government joins the Probation Office and asks the Court to impose a sentence in this case at the high end of the guidelines range.

## II.   BACKGROUND AND STATEMENT OF FACTS

On October 13, 2007, the defendant was arrested by United States Park Police for assaulting another individaul on federal property a tthe Oktoberfest celebration at the Pavilion located in Fort Mason. PSR ¶ 5. The victim was rendered unconscious and was lying in a pool of his own blood before being transported to the hospital. *Id.* A witness was able to capture part of the assault on video which shows Mr. Pratchard repeatedly stomping on the head of an unconscious man before he is pulled away by bystanders. PSR ¶ 6. The victim and his friend had been walking through the pavilion at Fort Mason when they were mistaken for another party and assaulted. PSR ¶ 8. Among other things, at the hands (or more appropriately foot) of Mr.

---

[1] No objections to this guideline range was filed by defense counsel.

GOV'T SENTENCING MEMORANDUM.
CR 08-0553 MMC                               -1-

Pratchard, the victim suffered a nasal bone fracture requiring surgery, pain, swelling, depression, reduced sense of smell, blocked left nostril and chronic headaches. PSR ¶¶ 9-11  The victim is also at higher risk for epilepsy and Alzheimer's disease in the future according to reports from his neurologist. *Id.*

### III.   LEGAL STANDARD AT SENTENCING

#### A.   The Court Should First Calculate The Correct Guidelines Range

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct guidelines range. *Id.* Although the guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007).

#### B.   The Court Should Then Apply The Factors Under § 3553(a) To Determine Whether The Appropriate Sentence Is Within, Above, Or Below The Guidelines Range

The guidelines range will be the starting point and the initial benchmark for the sentence. *Carty*, 520 F.3d at 991. The Court should keep the guidelines range in mind throughout the process, allow the parties to argue for a sentence they believe is appropriate, and consider the factors identified in § 3553(a). *Id.* If the Court imposes a sentence outside the guidelines range, it must consider the extent of the deviation and ensure that its justification for deviating from the range is sufficiently compelling to support the degree of variance in the sentence that it imposes. *Id.* The Court is not required to raise every possible, relevant issue *sua sponte*. *Id.*

### IV.   THE GUIDELINES RANGE IS 27-33 MONTHS IN CUSTODY

#### A.   The Total Offense Level Is 17

The United States agrees with probation that the defendant's final offense level is 17. The defendant's guidelines calculation is as follows:

//

| Base Offense Level | U.S.S.G. § 2A2.2(a) | 14 |
| --- | --- | --- |
| Victim sustained bodily injury | U.S.S.G. § 2A2.2(b)(3)(E) | +6 |
| Adjusted offense level | | 20 |
| Acceptance of responsibility | U.S.S.G. § 3E1.1(a)-(b) | -3 |
| Final offense level | | 17 |

The victim provided information, which is attached to the PSR and discussed in paragraphs 9-15, that supports the above enhancement for sustained bodily injury and also supports the restitution request in the amount of $19,516.11. According to the PSR, in addition to the initial pain and swelling from being stomped on the head several times, the victim in this case informed the probation officer that he "endured headaches which lasted from four to six hours, four to five times a week, over a period of 18 months, as a result of the injuries inflicted by the defendant." PSR ¶ 13. Though more recently botox injections have helped with his headache pain, he also reported to probation that he "has very little or no sense of smell and his left nostril is almost completely blocked." *Id.* He has further been advised to have surgery on his nose which will be expensive, painful and cause him to miss work. *Id.* In addition, medical reports from his neurologist indicate that headaches many months after his injury "portends a poor prognosis" including increased risk for long-term complications from closed head trauma which include post-traumatic epilepsy and Alzheimer's disease. PSR ¶ 11. Understandably, the victim is concerned about what the future holds for him. PSR ¶ 14

**B.    The Criminal History Category Is CHC-II**

The United States agrees with the Probation Office that the defendant's Criminal History Category is CHC-II. In 2002, defendant was convicted of distribution of ecstasy while he was in the U.S. Marine Corp for which he received 30 months imprisonment and a bad conduct discharge. PSR ¶ 39. There were additional charges, later dismissed, that are concerning and potentially suggest a pattern with this defendant of failure to accept responsibility for his actions. *Id.* Defendant was charged with wrongful assault and endeavor to influence the testimony. *Id.* The facts relating to both of these dismissed charges involve violent actions and threats of violence on the part of the defendant toward would be witnesses. *Id.*   In addition, the defendant

received three disciplinary reports while in prison all involving physical fights with other prisoners. *Id.*

### V. THE COURT SHOULD IMPOSE A SENTENCE AT THE HIGH END OF THE GUIDELINES RANGE: 33 MONTHS IN CUSTODY AND THREE YEARS OF SUPERVISED RELEASE

Although the sentencing guidelines are not mandatory, in cases that are not complex or unusual, the guidelines range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives. *United States v. Carty*, 520 F.3d 984, 995-96 (9th Cir. 2008). A sentence within the guidelines range will "usually be reasonable." *Id.* at 994 (citing *United States v. Rita*).

There are no mitigating factors under § 3553(a) making this case any less serious than other assault cases. Therefore, a guidelines sentence is reasonable. The government supports a high end guidlelines sentence because of the extent of the victim's injuries, defendant's prior criminal record and his apparent lack of acceptance of responsibility.

A sentence within the guidelines range is necessary to account for the nature and circumstances of his offense, and for its seriousness. 18 U.S.C. § 3553(a)(1), (a)(2)(A) (sentence should reflect nature of offense and seriousness of offense). The nature of this defendant's offense was severe. As noted above, the victim has medical repercussions that he will be forced to live with for the rest of his life as well as the possibility of increased risk of serious disorders.

In addition, the interview of the defendant detailed in the PSR as well as the letter provided by defense counsel, and attached to the PSR, clearly establish that the defendant is still trying to explain his actions rather than take responsibility for his actions. For example, after stating that he kicked the victim in the head Mr. Pratchard relayed to the probation officer that "based on my military training, I tried to neutralize the threat." PSR ¶ 20. No one who has viewed the video of Mr. Pratchard stomping the head of the motionless victim in this case could possibly describe the victim as a "threat" to be "neutralized". Also, notably, Mr. Pratchard in his written statement puts the term "victim" in quotation marks. PSR ¶ 19.

//

//

## VI. CONCLUSION

For the above reasons, the government is in agreement with the recommendation of the Probation Office that this defendant should receive a high end sentence of 33 months, a term of supervised release of 3 years and that he should be ordered to pay restitution to the known victim in the amount of $19,516.11. The government further requests that the defendant be remanded into custody at the time of sentencing.

DATED: October 15, 2009                    Respectfully submitted,

                                           JOSEPH P. RUSSONIELLO
                                           United States Attorney


                                           _____/s/_____
                                           KATHERINE B. DOWLING
                                           Assistant United States Attorney