MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

BENJAMIN P. TOLKOFF (CABN 4294443)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: Benjamin.Tolkoff@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSHUA PRATCHARD, ) <br> ) <br>    Defendant. ) <br> ) | No. CR 08-0553 MMC <br><br> UNITED STATES' RE-SENTENCING MEMORANDUM <br><br> Date:  January 5, 2011 <br> Time:  2:30 p.m. |

INTRODUCTION

In October 2007, Mr. Pratchard went to an "Octoberfest" drinking festival in the Golden Gate National Recreation Area.  Like many people there, Pratchard had too much to drink.  But unlike anyone else at the festival, Mr. Pratchard stomped on a man's skull, inflicting permanent brain damage on his victim.

In October 2009, he received lenience from the Court and was sentenced to a term of community confinement and probation.  Pratchard did not take the Court's gift as a second chance.  Within two months of sentencing he was arrested for getting drunk and grappling with a bouncer at a bar in Walnut Creek.  Five months later, Mr. Pratchard was kicked out of a halfway house because he was involved in an altercation with another resident.  Now that Pratchard has

squandered the good will of the Court, should he finally be punished, or should he simply be let off the hook?

More than three years have passed since Mr. Pratchard committed a serious crime and he has yet to be punished. The government's position in October 2009, was that Pratchard should be sentenced to 33 months in prison. Nothing has changed the seriousness of Pratchard's crime. Therefore, Pratchard should be sentenced to 33 months in prison.

## DISCUSSION

When a defendant is sentenced to probation and violates, he may be sentenced to a new term of probation, or he may be re-sentenced. *18 U.S.C. § 3565*. If probation worked in Mr. Pratchard's case, we would not be where we are. Certainly the Court cannot sentence Mr. Pratchard to a new term of probation in light of his performance. This leaves us with the difficult question of what a reasonable sentence is in Mr. Pratchard's case.

The Court has to calculate the guideline range, and then consider factors laid out in 18 U.S.C. § 3553(a). The guideline range in this case was accurately calculated some time ago. Exhibit 1, *United States Sentencing Memorandum* at 3. The applicable range is 27-33 months.

This leaves us with 3553(a), which asks us to view the seriousness of Mr. Pratchard's crime in light of any aggravating or mitigating factors we might see in Mr. Pratchard's life. That is why this is a difficult case. Unlike many defendants, Mr. Pratchard has shown potential to be a contributing member of the community. He volunteered to serve his country when he joined the Marine Corps, he earns an honest living, and he supports his son.

But for every promising thing he does, Mr. Pratchard commits some misconduct that raises concern. Mr. Pratchard's career in the Marine Corps ended in disgrace. He was sent to General Court-Martial and received 30 months in the brig and a Bad Conduct Discharge. Though the defendant is now supporting his son, it was not until his son's mother had the defendant's wages garnished that he paid what he owed. And so the only good thing we can say about Mr. Pratchard with any certainty is that he is a hard worker.

It is a sad fact that many children are the collateral victims of their parents' crimes. And Mr. Pratchard's son will not receive support if the defendant is in prison. But that is

consequence of Mr. Pratchard's actions, not the government's, not the Court's. Had he not fractured a man's skull, and had he not violated probation, Mr. Pratchard would not be facing a second sentencing.

The first time Mr. Pratchard was sentenced, he received an unusual break. His actions do not warrant a second break. This is a man who stomped on someone's skull inflicting permanent injury. He must finally be punished for his crime.

## CONCLUSION

Based on the seriousness of the defendant's crime, and his failure to recognize the Court's gift of a probationary sentence, he has proven that he continues to pose a threat to the community and must be sent to prison.

A sentence of 33 months in prison is the appropriate sentence in this case.

Date:   January 3, 2010                Respectfully Submitted,

                                       MELINDA HAAG
                                       United States Attorney

                                       /s/

                                       BENJAMIN P. TOLKOFF
                                       Assistant United States Attorney

U.S.' RE-SENTENCING MEMO.
U.S. v. PRATCHARD; CR 08-0553 MMC